# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER TODD LANDECK,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00512 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

The pro se plaintiff, Christopher Todd Landeck, has filed a second Motion for Temporary Restraining Order or Preliminary Injunction. After review of the record, I conclude that the motion must be denied.

Landeck brought this lawsuit claiming that prison officials had wrongfully delayed delivery of a magazine necessary to his religious practice. In his recently filed Second Amended Complaint, he now alleges that state prison officials at three different Virginia Department of Corrections ("VDOC") prisons have retaliated against him in various ways for filing this lawsuit. The defendants are to respond in August 2018 to Landeck's claims as amended.

The instant motion for interlocutory injunctive relief concerns yet another allegation of retaliation. VDOC Chief of Corrections Operations, A. David Robinson, issued a memorandum on June 7, 2018 (two days after Landeck filed his Second Amended Complaint), notifying all VDOC Operational Unit Heads that

after July 7, 2018, inmates would no longer be allowed to save documents to prison law library computers. Robinson further instructed that any inmate's legal documents currently saved to a library computer should be printed out for him at no cost. This new practice, according to Robinson, is one of several changes to "be made to ensure the safety and security of offender technology." Mot. TRO Attach. A, ECF No. 27.

Landeck states that he has received printouts of his legal documents. He fears that without the ability to save his documents to law library computers in the future, however, he will be forced to handwrite them instead. Because he suffers from "a diagnosed acute form of arthritis which affects his thumbs and wrists," writing by hand is painful for him, but he can "type on a computer keyboard with relative ease." Mot. TRO 2, ECF No. 27. Landeck contends that Robinson's action constitutes retaliation for this lawsuit, in violation of the First Amendment, and discrimination on the basis of Landeck's disability, in violation of the Americans with Disabilities Act ("ADA").

The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Such interlocutory injunctive relief is "an extraordinary

remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" under this four-part analysis. *Id.* at 22. I cannot find that Landeck has shown grounds for the relief he seeks.

Landeck's motion is premature and insufficiently supported by facts. As he admits, he does not know from Robinson's memorandum how inmates will be allowed to create legal documents in the future. His worries about being forced to handwrite his documents are, therefore, speculative at best. Furthermore, Landeck has not yet had time to ask prison officials for accommodations of his medical condition or to exhaust administrative remedies about any of the issues he raises in this motion, as required before filing a court action. *See* 42 U.S.C. § 1997e(a). Accordingly, Landeck has not demonstrated a likelihood of success on the merits or any imminent danger of irreparable harm.[1] Based on his failure to make the necessary showing on these facets of the *Winter* analysis, I cannot find that the requested interlocutory relief is warranted.

A separate Order will be entered herewith.

                              DATED: June 27, 2018

                              /s/ James P. Jones
                              United States District Judge

---

[1] For the same reasons, I find any attempt to amend to add new retaliation or ADA claims to the pending lawsuit is futile. Therefore, I will not construe Landeck's submission as a Motion to Amend.