# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER TODD LANDECK,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00512 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Christopher Todd Landeck, Pro Se Plaintiff.*

This matter is before me on the plaintiff's motion seeking interlocutory injunctive relief and leave to amend for a third time. After review of the record, I conclude that the motion must be denied.

I.

The plaintiff, a Virginia inmate, filed this civil rights action under 42 U.S.C. § 1983, alleging that prison officials at Coffeewood Correctional Center ("CCC") had violated his constitutional rights by withholding temporarily the July/August issue of a magazine Landeck claims is essential to his practice of secular humanism. In his First Amended Complaint, Landeck added a claim that CCC officials had retaliated against him because of his secular humanist beliefs and this lawsuit by transferring him in December 2017 to Haynesville Correctional Unit 17 ("HCU"), a work camp without access to a law library or his Common Fare diet.

In a Second Amended Complaint, Landeck added retaliation and religious discrimination claims concerning events at HCU and at Marion Correctional Treatment Center ("MCTC"). The defendants have filed a Motion for Summary Judgment.

Thereafter, Landeck filed the present 28-page motion for a preliminary injunction and to further amend his Complaint, together with 112 pages of exhibits. This motion complains that a new policy concerning inmates' computer usage discriminates against him "because of his disability," in violation of the Americans with Disabilities Act and the Rehabilitation Act ("ADA/RA"). Mot. 1, ECF No. 41. Under the new policy, effective October 1, 2018, inmates in the custody of the Virginia Department of Corrections can no longer create and save documents on prison law library research computers, as some inmates had been allowed to do in the past. Landeck has a joint disease that makes it painful for him to handwrite documents, but does not affect his ability to type. At MCTC, officials accommodated Landeck's disability by providing him access to a typewriter with a one-line correction memory.

Landeck seeks to amend his Complaint to add claims under the ADA/RA about this new computer usage policy and officials' alternative accommodation of his disability. He contends that interlocutory injunctive relief is warranted because his inability to create and save documents on a computer is "denying him

meaningful access to the courts, causing him severe physical pain, and causing him to abandon his claims and forfeit his case in the instant civil matter." *Id.* at 1-2. In addition, he complains that MCTC officials recently refused to comply with medical orders for the use of flex cuffs, and use of regular handcuffs caused him injury. Finally, Landeck raises new retaliation claims. He suggests that the computer policy change may have been retaliation for his Second Amended Complaint. He also states that in late October, other inmates reported overhearing a comment between staff members that "Landeck was being shipped to get rid of him." *Id.* at 10. Landeck asserts, "It appears another retaliatory transfer is imminent." *Id.* On November 27, 2018, Landeck notified the court of his transfer to Deep Meadow Correctional Center ("DMCC").[1] As relief in this motion, Landeck asks the court to bar the defendants from violating his rights under the ADA/RA and to order them to accommodate his disability.

II.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); Therefore, "a party moving for a preliminary injunction

---

[1] Landeck has also submitted a December 2018 supplement to his motion, complaining that his disability has not been accommodated at DMCC, that he has safety concerns there, and that certain personal property items were misplaced or lost in transit.

must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (citation omitted).

Landeck's Second Amended Complaint under § 1983 alleges First Amendment violations related to an incoming publication dated July-August, 2017 and subsequent, allegedly retaliatory acts taken against him at CCC, HCU, and MCTC. Landeck does not state facts showing any causal relationship between those past events and the new VDOC-wide computer usage policy. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (holding that merely conclusory allegations of retaliation are insufficient to state § 1983 claim). He also fails to show that any of the current defendants had any personal involvement in the policy change or the decision to transfer him to DMCC in November of 2018.

Moreover, an inmate's transfer or release from a particular prison moots his claims for injunctive relief with respect to his incarceration there. *See Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer rendered moot a prisoner's claims for injunctive and declaratory relief). Landeck is no longer confined under the authority of the MCTC defendants in this action. Thus, his demands for interlocutory injunctive relief regarding their attempts to accommodate his disability after the policy change are moot. Landeck also fails to show that the

VDOC administrators named in this case have any personal involvement in arranging disability accommodations for inmates.

I conclude that Landeck has not stated a factual basis showing that the extraordinary interlocutory relief he seeks bears the necessary connection to the underlying claims in this action. Accordingly, I will deny his motion for such relief.

Finally, I will also deny Landeck's motion to the extent that it seeks to amend the already voluminous Second Amended Complaint to add additional claims to this lawsuit. I find no indication that the defendants have consented to these new amendments.[2] Moreover, the only form of relief Landeck seeks through these amendments is either moot because of his transfer to DMCC or not clearly within the responsibilities of the defendants in this case.

### III.

For the stated reasons, it is **ORDERED** that the plaintiff's motion seeking interlocutory relief and leave to amend, ECF No. 41, is DENIED.

ENTER: January 2, 2019

/s/ James P. Jones
United States District Judge

---

[2] The defendants moved for summary judgment on August 24, 2018. Landeck signed and dated his proposed amendments on October 29, 2018, far outside the 21 days allowed for amendments as a matter of course following a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Therefore, Landeck must have the defendants' consent or leave of court to prosecute the proposed amendments.